UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 2:16-cr-46-FtM-38MRM

SHEVON OKEELE COOTE
_____

**OPINION AND ORDER**[1]

Before the Court are pro se Defendant Shevon Coote's Emergency Motion for Compassionate Release (Doc. 75) and the Government's response in opposition (Doc. 77). For the below reasons, the motion is denied.

Three years ago, the Court sentenced Defendant to 60 months' imprisonment for a cocaine conspiracy—that sentence included a downward variance. (Doc. 58; Doc. 59). Defendant, who is 33 years old, is set to be released on February 14, 2022. (Doc. 77 at 2). But Defendant asks the Court for immediate compassionate release under 18 U.S.C. § 3582(c)(1)(a) because his 52-year old mother is incapacitated and cannot care for his two minor children. (Doc. 75). According to Defendant, his mother "is the only family member capable of caring for the children" because the children's mother is not in this country. (Doc. 75 at 2). The mother also has "a myriad of chronic illness [such] as high blood pressure, asthma, and serious respiratory problems" that make her unable to care for the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

children.  (Doc. 75 at 2, 10-11).  As further support for immediate release, Defendant states he has served more than sixty percent of his sentence, cooperated with law enforcement, and participated in vocational and self-improvement programs while incarcerated.  (Doc. 75 at 10, 12).

A court may not modify a term of imprisonment once it has been imposed.  18 U.S.C. § 3582.  This rule, however, has exceptions.  Pertinent here, a court can reduce a sentence only if "extraordinary and compelling reasons" justify the reduction and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A)(i).  And the defendant bears the burden of establishing that release is warranted.  *See United States v. Heromin*, 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include family circumstances like "the death or incapacitation of the caregiver of the defendant's . . . minor children."  U.S.S.G. §1B1.13, comment. n.1(C)(i).  Although the Sentencing Guidelines do not define the term "incapacitated," the Bureau of Prison Program Statement 5050.50 defines it to mean "the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child."  (Doc. 77 at 8 (quoting BOP Program Statement 5050.50, § 6); *see also United States v. Jordan*, No. 3:16-cr-92-J-39PDB, 2020 WL 1640097, at *2 (M.D. Fla. April 2, 2020) ("A BOP Program Statement . . . is entitled

to at least 'some deference,' if not regular Chevron deference, as long as it is a permissible construction of the statute." (citations and footnote omitted)).

After considering the parties' briefs, record, and applicable law, Defendant has shown no extraordinary and compelling reasons to warrant compassionate release. Other than his say so, he provides no evidence that his mother is the only available caregiver of his children. Even accepting his representation as true, there is no proof of his mother suffering a severe injury or illness to be incapacitated. Nor does Defendant provide any support for how high blood pressure, asthma, and unspecified serious respiratory problems that render her incapacitated under the law. Even setting aside this shortcoming, Defendant's admission that his mother works more than sixteen hours per day as a home health care nurse "and is under a lot of pressure because of the pandemic of COVID-19" cuts against any incapacitation argument. (Doc. 75 at 9).

In conclusion, because Defendant has shown no extraordinary and compelling reasons for compassionate release, the Court denies his motion.

Accordingly, it is **ORDERED:**

Defendant Shevon Coote's Emergency Motion for Compassionate Release (Doc. 75) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on October 21, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record